# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALEXANDER R. HEIDE** | ) |
| | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) **CIVIL ACTION NO. 08-CV-126** |
| | ) |
| **v.** | ) **JUDGE KIM R. GIBSON** |
| | ) |
| **SEVEN SPRINGS FARM, INC.,** | ) |
| **t/d/b/a SEVEN SPRINGS MOUNTAIN** | ) |
| **RESORT,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Before considering the heart of this case, which is determining responsibility for Plaintiff's injuries suffered while skiing, this Court must first assess whether the Western District of Pennsylvania is the proper forum for this dispute. Although Plaintiff Alexander R. Heide filed suit in this Court, Defendant Seven Springs[1] argues that a forum selection clause, printed on the back of a ski lift ticket, dictates that the Somerset County Court of Common Pleas is the exclusive venue for disputes arising from use of the ski resort. Neither party disputes that the Somerset County Court could appropriately entertain this action, as the events giving rise to the claim occurred in Somerset County.

Specifically, this matter comes before the Court on Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(3) and 12(b)(6) (Doc. No. 9). Plaintiff Heide filed a brief in response at Doc. No. 15. Mr. Heide opposes the Motion to Dismiss, arguing that the forum selection clause should not be enforced by this Court. Upon careful review and substantial consideration, this Court finds that the clause is a valid private agreement between Mr. Heide and Seven Springs, and

---

[1]This Order will refer to Defendant Seven Springs Farm, Inc. as "Seven Springs."

should be enforced. Furthermore, as explained *infra*, the Court finds authority for ordering the direct transfer of this case to the proper forum, the Somerset County Court of Common Pleas.

## I. BACKGROUND

### A. Factual History

On or about February 14, 2007, Mr. Heide sustained severe injuries while skiing at Seven Springs. Doc. No. 1, ¶ 6. Mr. Heide alleges that such injuries were a "direct and proximate result of the defendant's negligence, carelessness, and recklessness." *Id.* ¶ 7.

### B. Procedural History

On May 29, 2008, Mr. Heide filed a Complaint (Doc. No. 1) against Seven Springs, alleging negligence. On August 1, 2008, Defendant filed the instant Motion to Dismiss currently under adjudication. Since that time, the matter has been referred to a private mediator. Doc. No. 23. Also, on November 26, 2008, Seven Springs filed a motion for summary judgment. Doc. No. 33.

### C. Relevant Forum Selection Clause

Skiers at Seven Springs must purchase a lift ticket in order to ride the ski lifts; on the back of the lift ticket, a notice reads as follows:

> PLEASE READ . . .
> . . . As purchaser of this ticket, I agree that all disputes arising under this contract and/or from my use of the facilities at Seven Springs Farm, Inc. shall be litigated exclusively in the Court of Common Pleas of Somerset County.

Doc. No. 12, ex. 1.

The Court notes that this clause, on its plain and ambiguous terms, mandates that the Somerset County Court is the exclusive venue for disputes arising from the ticketholder's use of Seven Springs. As such, it is properly classified as a mandatory forum selection clause, meaning that if valid, it

2

dictates that venue is proper only in the selected forum; such is distinguished from a permissive forum selection clause, which does not specifically establish an exclusive venue. *See Campanini v. Studsvik*, 2009 WL 926975, at *4 (E.D. Pa. April 6, 2009). Generally, courts will afford greater weight to mandatory forum selection clauses. *Id.* (citing *Feldman v. Google, Inc.*, 514 F. Supp. 2d 229, 245-46) (E.D. Pa. 2007).

## II. LEGAL STANDARDS

### A. Statement of Jurisdiction and Venue

This Court has proper jurisdiction over this dispute, pursuant to 28 U.S.C. § 1332. Disregarding the at-issue forum selection clause, venue in this Court is otherwise proper, pursuant to 28 U.S.C. § 1391(a), in that it appears to the Court that Defendant resides in this judicial district, and a "substantial part of the events or omissions giving rise to the claim" occurred in this judicial district.

### B. Proper Procedural Vehicle for Motion Asserting Forum Selection Clause

Professor Miller explains some important procedural background on this issue:

> In recent years . . . there have been what appears to be an increasing number of venue motions based on the enforcement of forum selection clauses in contracts. The courts of appeal are split as to whether dismissal of the action is proper pursuant to Rule 12(b)(3) or Rule 12(b)(6) when it is based on one of these forum selection clauses rather than on noncompliance with a federal venue statute; most of the decided cases use the former rule as the basis, however. A growing number of district courts have rejected dismissal under either Rule 12(b)(3) or Rule 12(b)(6) based on a forum selection clause. Instead, these courts have determined that transfer pursuant to Section 1404(a) is the preferred method for dealing with a forum selection clause as long as venue is appropriate in the chosen district. Under this view, dismissal is only appropriate when transfer is impossible, such as when the chosen forum is in a foreign country or when the district is not a place in which the action could have been brought. For example, in *Digital Envoy Inc. v. Google Inc.* , the distri ct court rejected the defendant's attempt to dismiss the case pursuant to Rule 12(b)(3)

3

> because the chosen forum was the Northern District of California and therefore the case could be transferred. Given Section 1404(a)'s emphasis on convenience and justice, transfer, rather than the harsh remedy of dismissal, seems to be the better approach whenever possible.

5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 (2008) (footnotes omitted) (hereinafter "Wright & Miller"). In this matter, the forum selection clause does not specify a federal forum; consequently, as discussed in more detail *infra*, transfer under § 1404(a) is not available.

A preliminary issue for the Court to consider is whether the current motion to dismiss is properly brought Rule 12(b)(3) or Rule 12(b)(6).[2] In certain situations, this determination could actually be dispositive, given the aggressive waiver rules applicable to Rule 12(b)(3) motions, and not applicable to Rule 12(b)(6) motions. Furthermore, determination of the appropriate procedural vehicle can change this Court's assumptions for purposes of review, the relative burdens of the parties, and even the appellate posture. However, given the absence of any waiver problems in the matter *sub judice*, and the Defendant's citation of both rules in bring the motions, the piquancy of this particular issue is somewhat muted; consequentially, this Court's discussion will be abbreviated.

As noted in Professor Miller's treatise, the Circuits are split as to the proper procedural stance of a motion that challenges venue on the basis of a forum-selection clause. Most Circuits appear to find that the issue properly arises under a Rule 12(b)(3) motion, including, among others the Fourth,[3]

---

[2]The Court notes that motions may be brought under two other possible vehicles, 12(b)(1) and the doctrine of forum non conveniens; however, since these were not raised in Defendant's Motion, the Court will not consider their applicability.

[3]Sucampo Pharms., Inc. v. Astellas Pharm., Inc., 471 F.3d 544 (4th Cir. 2006) ("[A[ motion to dismiss based on a forum-selection clause should be properly treated under Rule 12(b)(3) as a motion to dismiss on the basis of improper venue.").

4

Seventh,[4] and Tenth[5] Circuits; however, other Circuits, including the First,[6] state that the issue properly arises under Rule 12(b)(6). Still other Circuits, such as the Eighth,[7] have not definitively ruled on the issue. The Second Circuit "refuses to pigeon-hole these claims into a particular clause of Rule 12(b)."[8] Obviously of primary importance to this Court, the Third Circuit, while not expressly ruling on the matter, has approved Rule 12(b)(6) dismissals based upon forum selection clauses. *See, e.g.*, *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 297-98 (3d Cir. 2001); *see also Instrumentation Ass'n, Inc. v. Madsen Elec. Ltd.*, 859 F.2d 4, 6 (3d Cir. 1988). Consequently, certain district courts within the Third Circuit have interpreted the Third Circuit's stance as holding that motions based upon forum selection clause are properly brought under Rule 12(b)(6).[9]

However, this Court does not believe that the Third Circuit has expressly dictated that Rule

[4]*Auto. Mech. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740 (7th Cir. 2006) (electing to follow the majority rule after explaining that "[i]t is not entirely clear whether a motion seeking dismissal based on a forum selection clause, including an arbitration clause, is better conceptualized as an objection to venue, and hence properly raised under Rule 12(b)(3), or as a failure to state a claim, and thus properly raised under Rule 12(b)(6).").

[5]Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953, 956 (10th Cir.1992) ("A motion to dismiss based on a forum selection clause frequently is analyzed as a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3)").

[6]*See Nisselson v. Lernout*, 2004 WL 1630492 (D. Mass. 2004).

[7]*Rainforest Cafe, Inc. v. EklecCo, L.L.C.*, 340 F.3d 544, 546 n. 5 (8th Cir.2003) ("The question appears to be open in this circuit, and we need not address it in this appeal since EklecCo has moved under both subsections of Rule 12.").

[8]*Asoma Corp. v. SK Shipping Co., Ltd.*, 467 F.3d 817, 822 ("The Supreme Court has not specifically designated a single clause of Rule 12(b) as the 'proper procedural mechanism to request dismissal of a suit based upon a valid forum selection clause,' nor have we.").

[9]*See, e.g., Azuna, LLC v. Netpia.com, Inc.*, 2008 U.S. Dist. LEXIS 101647, at **7 (E.D. Pa. Nov. 3, 2008); *Kocks Crane, Inc. v. South Jersey Port Corp.*, 2006 U.S. Dist LEXIS 93686, at *4 (D. N.J. Dec. 7, 2006); *Morris Black & Sons v. Zitone Construction and Supply Company, Inc.*, 2004 U.S. Dist. LEXIS 20319, at *5 n. 2 (E.D. Pa. Oct. 1, 2004); *Intermetals Corp. v. Hanover Int'l*, 188 F. Supp. 2d 454 (D. N.J. 2001) (acknowledging the lack of clarity in the area, but stating that the Third Circuit has held that district courts should apply 12(b)(6) to a motion to dismiss based on enforcement of a forum selection clause) (citing *Instrumentation Ass'n*, 859 F.2d at 6).

12(b)(6) is the only or best procedural vehicle as to dismissals pursuant to forum selection clauses, especially when such clauses specify a state court as the proper forum;[10] nonetheless, in the interest of some slight measure of judicial consistency, this Court will follow the lead of other district courts within this Circuit and treat Defendant's Motion as being brought under Rule 12(b)(6). In part, such classification makes sense, because venue in this Court, as established *supra*, is proper, aside from the consideration of the forum selection clause.[11] At the same time, this Court acknowledges some of the persuasive criticisms as to why Rule 12(b)(6) is not a well-suited vehicle for such motions.[12] It is unfortunate that the confusing and unclear state of the procedural law in this arena shows no sign of healing itself or evolving. The Court again notes that resolution of this issue, in this case, is not outcome determinative.

On Rule 12(b)(6) motions, this Court accepts as true the well-pleaded factual allegations in the complaint, and draws all reasonable inferences in favor of the plaintiff. *Armstrong Surgical Ctr. v. Armstrong County Memorial Hosp.*, 185 F. 3d 154, 155 (3d Cir. 1999). Furthermore, a district court deciding a motion to dismiss generally may not consider matters outside of the pleadings. *In Re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997) (citing *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir.1985)). However, in this matter, the Court notes that it may review the lift ticket itself, because the Court is allowed to consider a "document

---

[10]*See Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 n. 6 (3d Cir. 2001) (acknowledging, without resolving, the "much disagreement over whether dismissal (where appropriate) should be made pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), or 12(b)(6)."); *see also Instrumentation Associates, Inc. v. Madsen Elec., Ltd.*, 859 F.2d 4, 6 (3d Cir. 1988).

[11]In a diversity case, the propriety of venue is a function of the relevant federal statutes, not the presence of a forum selection clause. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1994).

[12]*See* Jonathan L. Corsico, *Forum Non Conveniens: A Vehicle for Federal Court Enforcement of Forum Selection Clauses that Name Non-Federal Forums as Proper*, 97 Nw. U. L. Rev. 1853, 1875-76 (criticizing the use of Rule 12(b)(6) as a procedural standpoint for analyzing forum selection clauses).

6

integral to or explicitly relied upon in the complaint." *Id.* at 1426 (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir.1996)). The lift ticket containing the at-issue clause is integral to the circumstances alleged in the complaint and the relationship of the parties.

## C. Movant Bears Burden of Proof

Unfortunately, district courts within the Third Circuit have varying answers to the issue of which party bears the burden of proof in dealing with a motion to dismiss on the basis of a forum selection clause: some courts place that burden upon plaintiffs,[13] while others place it on defendants.[14] Strangely, the parties do not address this issue in their briefs. However, this Court will follow the guidance from the Third Circuit, that the movant bears the burden of demonstrating why he should not be bound to litigate in the agreed-upon forum. *See Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 880 (3d Cir. 2001); *cf. Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 ("[A] motion to dismiss for improper venue is not an attack on jurisdiction but only an affirmative dilatory defense. Because of the nature of the motion, 'it is not necessary [as contrasted with jurisdiction] for the plaintiff to include allegations showing the venue to be proper.' Fed. R. Civ. P. Form 2, Advisory Committee note 3. It logically follows therefore that on a motion for dismissal for improper venue under Rule 12 the movant has the burden of proving the affirmative defense asserted by it."); *see also Azuna, LLC v. Netpia.com, Inc.*, 2008 U.S. Dist. LEXIS 101647, at **7 (E.D. Pa. Nov. 3, 2008).

## III. DISCUSSION

---

[13]*See, e.g.*, *Rotondo Weirich Enter., Inc. v. Global Employment Solutions, Inc.*, 1999 WL 1077078 at 5 (E.D. Pa. Nov. 29, 1999); *Nowicki v. United Timber Co.*, 1999 WL 619648, at *1 (E.D. Pa. Aug. 12, 1999); *Britamco Underwriters, Inc. v. Raymond E. Wallace Special Prods., Inc.*, 56 F. Supp. 2d 542, 545 (E.D. Pa. 1999); Lieb *v. Am. Pacific Int'l, Inc.*, 489 F. Supp. 690, 696 (E.D. Pa.1980).

[14]*See, e.g.*, *Superior Precast, Inc. v. Safeco Ins. Co. of Am.*, 71 F. Supp. 2d 438, 442 (E.D. Pa.1999); *Nazareth Nat'l Bank & Trust Co. v. E.A. Int'l Trust*, 1999 WL 549036 at 3 (E.D. Pa. July 26, 1999); *Mizrahi v. Great-West Life Assurance Co.*, 1999 WL 398714 at 2 (E.D. Pa. June 17, 1999).

## A. Analysis of Impact of Forum Selection Clause

### 1. Introduction

The Court must determine whether the clause on the back of the lift ticket is valid, and if so, whether and how it should be enforced by this Court. The ticket, used by Mr. Heide, states that all disputes related to his use of Seven Springs must be litigated exclusively in the Court of Common Pleas of Somerset County. Seven Springs argues that this forum selection clause must be presumed valid, and that the clause meets practical standards of reasonable communicativeness. Defendant's Brief in Support, Doc. No. 9. In response, Mr. Heide offers several reasons that the clause is not enforceable: 1) that forum selection clauses are not historically favored; 2) that enforcement of the clause would violate public policy, because it would deprive plaintiff the choice of forum between state and federal court; 3) that the forum selection clause was not sufficiently conspicuous to give actual notice; 4) that defendant's actions were not sufficiently reasonably communicative to create constructive notice; and 5) that enforcement of the clause would be inconvenient to Mr. Heide in light of his physical disabilities. Plaintiff's Brief in Response, Doc. No. 15. In large part, the parties' briefings do not fully engage the applicable law, and consequently the Court need not respond to all of their arguments.

As a preliminary matter, the Court notes that the contractual provision at issue unambiguously states the parties' intentions, meaning that upon any construction, it states only the following meaning: that the exclusive venue for litigation between the parties is the Somerset County Court of Common Pleas. *See John Wyeth & Bro. Ltd v. CIGNA Intern. Corp.*, 119 F.3d 1070, 1070 (3d Cir. 1997).

### 2. Federal Court Treatment of Forum Selection Clauses

As to summarizing and describing applicable law, the parties' filings serve only to further

8

obfuscate a rather unclear area of the law.[15] The most substantial problem in both the parties' filings,

and other legal opinions reviewed by this Court, is the conflation of two distinct settings: the first

being a federal district court considering transfer to another federal district court, pursuant to a forum

selection clause; and the second being a federal district court considering the effect of a clause

putatively specifying the parties' litigation forum as a state court.

## a. *Ricoh* and Section 1404(a) are Not Relevant

As one instantiation of this confusion, Defendant's brief cites *Stewart Organization, Inc. v.

Ricoh Corp.,*, 487 U.S. 22, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988). *Stewart* directed that a district

court, when considering a transfer to another federal district court should engage in a case-specific

balancing test, pursuant to the standards in 28 U.S.C. § 1404(a); however, *Stewart* is plainly not

applicable to the instant issue. The forum selection clause in this matter specifies a state court;

consequently, Section 1404(a) does not govern the dispute, given that its language expressly references

another "[federal] district or division." 28 U.S.C. § 1404(a). Consequently, Section 1404(a) and its

balancing test is neither applicable nor relevant. *See Hall v. Ski Shawnee*, 2006 U.S. Dist. LEXIS

72741, at *3 (E.D. Pa. Oct. 4, 2006). Therefore, while containing possible persuasive argument or

---

[15]For instance, immediately after stating that "[i]t is axiomatic in federal courts that the validity of a forum selection clause in a diversity case is determined by federal law," Defendant proceeds to recite, at length, principles of what it claims is Pennsylvania law. Doc. No. 9, p. 2 (citing *Jumara v. State Farm Ins. Co*, 55 F.3d 873, 877-78). To unravel this obfuscation, the Court feels it necessary to correct Defendant's misstatement of the law. Defendant cites two pages of the Third Circuit opinion *Jumara* for the proposition that "the validity of a forum selection clause in a diversity case is determined by federal law." Doc. No. 9, p. 2. First, *Jumara* deals only with the situation where transferal to another federal district court is contemplated. Second, the cited pages of *Jumara* do not say that federal law governs the validity of a forum selection clause. Rather, *Jumara* explains: "In federal court, the effect to be given a contractual forum selection clause in diversity cases is determined by federal not state law. Because 'questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature.'" *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 877 (3d Cir. 1995) (emphasis added) (*quoting Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir. 1991)). Plainly, *Jumara* states only that federal law governs "the effect to be given a contractual forum selection clause," which, in this Court's estimation, could be a distinct issue from the validity of that clause. In other words, this Court could easily find that even though the forum selection clause was a valid agreement between the parties, transfer or dismissal pursuant to the clause would not be in the interest of justice.

9

dicta, *Stewart* does not govern this situation.

### b. Section 1406 is Not Relevant

Additionally, Plaintiff's briefing strangely cites 28 U.S.C. § 1406, which is also not applicable. By its plain language, 28 U.S.C. § 1406 only applies where a case is laying "in the wrong division or district" and the Court is considering dismissal or transfer to another federal court. 28 U.S.C. § 1406; *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001)(explaining that "where venue would be proper in the initial forum court, provided no forum selection clause covered the subject matter of the lawsuit, it is inappropriate to dismiss pursuant to 28 U.S.C. § 1406"). As noted *supra*, venue in this Court is proper, aside from the potential impact of the forum selection clause, which clause restricts venue to a non-federal forum; consequently, Section 1406 has no relevance to this matter.

### c. Choice of Law: Pennsylvania or Federal Common Law

As a third point of serious confusion, both parties' filings supply out-of-context quotations declaring the applicability of federal law, while then strangely proceeding to explain, at length and incorrectly, what they claim is relevant Pennsylvania law. Unfortunately, the parties are not alone in their confusion, as there is no clear legal answer as to whether to apply federal or state law in interpreting a forum selection clause in a diversity case, especially where the clause specifies a non-federal forum. On this confusion, Professor Patrick J. Borchers commented: "It seems odd that the fundamental question whether federal common law or state law governs the enforcement of an agreement so ordinary as a forum selection agreement remains shrouded in mystery."[16] Given the

---

[16]Patrick J. Borchers, *Case One: Choice of Forum Clauses*, 29 New Eng. L. Rev. 530, 530-31 (1995) (offering an assessment of the proper legal solution to the procedural problem of a federal court determining how to treat a forum selection clause specifying a non-federal forum).

amount of scholarly and judicial disagreement over whether to apply state or federal law to a contractual choice of forum clause,[17] this Court also notes that this issue, and the diversity of opinions as to proper resolution, appear to be underappreciated in this Circuit and throughout the federal courts.

In managing this confusion, several district courts[18] within the Third Circuit frequently apply federal law to matters such as this, citing the following pronouncement from the Third Circuit in *Jumara. v. State Farm Insurance*: "enforcement of a forum selection clause is a procedural question, not a substantive one, and thus is governed by federal law, even in a diversity case" 55 F.3d 873, 879 (3d Cir. 1995). Application of *Jumara* is entirely sensical when a Court faces the same procedural setting as that faced in *Jumara*, which is whether to order transfer to another federal district court pursuant to a forum selection clause. However, this Court believes that *Jumara*'s language should only directly apply to those federal-to-federal situations, because those settings invoke on-point federal statutes, a preliminary consideration in a choice of law analysis. Contrastingly, the matter *sub judice* involves consideration of enforcing a forum clause mandating a state court as the exclusive venue, an issue upon which no federal statute speaks; consequently, this Court remains extremely wary of applying *Jumara*'s broad language to a different context.

Rather than simply pulling a single sentence from *Jumara*, and acting as if such a sentence stands for an immutable, broadly applicable principle, this Court instead finds it necessary to conduct the more standard analysis of the proper law to apply in this circumstance. *See Gen. Eng'g Corp. v. Martin Marietta Alumina, Inc.*, 783 F.2d 352, 356 (3d Cir. 1986) (explaining that courts should first

[17]See, e.g., Stanley E. Cox, *Case One: Choice of Forum Clauses*, 29 New Eng. L. Rev. 517, 517 (1995) (introducing and summarizing a panel discussion regarding applicable law governing choice of forum clauses).

[18]*See, e.g., Campanini v. Studsvik*, 2009 WL 926975, at *3 (E.D. Pa. Apr. 6, 2009); *Dentsply Int'l, Inc. v. Benton*, 965 F. Supp. 574, 577 (M.D. Pa. 1997) ("We also note that, contrary to the plaintiff's suggestion, the validity of the forum selection clause is a matter of federal law, not state law.").

11

decide which law to apply when determining the enforceability of a forum selection clause); *see also Instrumentation Ass'n, Inc. v. Madsen Elec. Ltd.*, 859 F.2d 4, 6 (3d Cir. 1988); *Intermetals Corp. v. Hanover Int'l*, 188 F. Supp. 2d 454, 457 (D. N.J. 2001). In short, such an analysis first involves a determination of whether the issue is substantive or procedural, in accordance with prevailing *Erie/Hanna* doctrine. However, prior to beginning this analysis, the Court notes that both relevant bodies of law, federal and Pennsylvania, present a relatively similar, and favorable, outlook upon forum selection clauses. Consequently, the Court will only conduct an *Erie* analysis if application of either produces a variant result. Upon review, as detailed below, the Court finds that both bodies of law effectuate the same result; consequently, the Court finds it unnecessary to embark upon an *Erie* analysis and its attendant entertaining discussions of forum shopping and federalism. *See Instrumentation Ass'n, Inc. v. Madsen Elec. Ltd.*, 859 F.2d 4, 7 (3d Cir. 1988) (refusing to resolve choice of law question where three possible bodies of law all looked favorably upon forum selection clauses).

### 3. Applying Federal Common Law, Clause Should be Enforced

Most federal courts in this situation apply an analysis from a Supreme Court decision, *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 11, 32 L. Ed. 2d 513, 92 S. Ct. 1907 (1972). *Bremen* marked a watershed shift in forum selection jurisprudence, rejecting the previous doctrine that forum selection clauses were not consistent with sound public policy. *Id. Bremen* explained: "forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Id.* at 10.

In this Court's mind, the direct application of *Bremen* analysis in this matter is suspect, given that *Bremen* applied maritime law, and expressly limited its holding to federal district courts applying

12

maritime law. *Id.* ("We believe this is the correct doctrine to be followed by federal district courts sitting in admiralty."). Furthermore, *Bremen* dealt with a situation wherein a contract was freely negotiated between two sophisticated, international corporations. *Id.* at 17. However, in the years since *Bremen,* and in part due to dicta in a few Supreme Court cases, federal courts have grown increasingly comfortable applying the *Bremen* analysis to a wide variety of federal cases. Furthermore, the Third Circuit has widely applied the *Bremen* analysis, even in matters far afield from maritime law, including diversity and bankruptcy actions. *See, e.g., Diaz Contracting, Inc. v. Nanco Contracting Corp.*, 817 F.2d 1047, 1050 (1987). Consequently, this Court will follow that lead, while remaining critical of the judicial conflation of starkly different procedural postures and factual settings.

Under the *Bremen* test, forum selection clauses are prima facie valid and should be enforced unless the objecting party shows circumstances that render enforcement unreasonable. *Bremen,* 407 U.S. at 10. Summarizing the *Bremen* analysis, the Third Circuit explained that a party opposing a forum selection clause, and attempting to establish that enforcement would be unreasonable, must make a strong showing that 1) the forum selected is "so gravely difficult and inconvenient" that the party "will for all practical purposes be deprived of his day in court"; or 2) the clause was procured through "fraud or overreaching." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991). Additionally, a forum selection clause may also be ignored where enforcement would run counter to a strong public policy of the forum. *Bremen,* 407 U.S. at 15.

Upon review, the Court finds that Mr. Heide does not make any of the required showings; therefore, the forum selection clause is valid and enforceable.

### a. Plaintiff Does Not Show Inconvenience

Plaintiff does not make any valid showing that litigating in the Somerset County Court of

13

Common Pleas is difficult or inconvenient. As to convenience, Plaintiff makes the somewhat bizarre argument that traveling to Somerset County would somehow be unduly inconvenient. The Court acknowledges that given his apparent injuries, any travel at all may be difficult for Plaintiff; however, the convenience issue can only be realistically assessed by comparing the convenience of the Somerset County Court to this Court, located in Johnstown.[19] This Court hereby takes judicial notice of a map of Pennsylvania, indicating that while Somerset and Johnstown both lie approximately the same distance from Pittsburgh, the path to Somerset consists solely of an easily traversed Interstate highway, while the path to Johnstown consists of a smaller and slower series of highways. Consequently, the Court finds that Plaintiff would not be inconvenienced by filing suit in the Court of Common Pleas of Somerset County, as required by the forum selection clause. Therefore, the Court's analysis of this factor supports the conclusion that the forum selection clause is valid and enforceable.

### b. Plaintiff Does Not Show Fraud or Overreaching

Plaintiff does not make the required showing as to any fraud or overreaching. First, the placing of the clause on the back of a lift ticket strikes the Court as a reasonable approach to effectuate Seven Springs' intent to limit its litigation venues; importantly, all skiers must purchase lift tickets. Furthermore, the language on the ski ticket is impressively constructed, and strikes the Court to be simple, direct and easy-to-understand. Any skier concerned about the prospective legal framework for governing disputes would likely consult the ticket, everpresent on his ski jacket. Furthermore, the Court does not view such a clause as "overreaching"; rather, that clause represents a reasonable and common attempt by a company to predict and or manage its litigation expenses. Notably, Plaintiff was

---

[19]Apparently, Plaintiff's convenience argument was initially premised upon Plaintiff's assumption that this Court was located in Pittsburgh rather than Johnstown; while acknowledging this mistake in a footnote in his argument, Plaintiff nonetheless strangely leaves the argument in his brief.

14

not in a markedly inferior bargaining position;[20] had Plaintiff vehemently opposed this particular preemptive forum selection, he would have been free to ski at any of hundreds of other resorts in the country. If Plaintiff preferred a venue other than the Somerset County Court, in which to litigate potential disputes, he should not have elected to ski at Seven Springs. In short, this Court views the forum selection clause, and the agreement that it created, as reasonable. The availability of alternative ski venues distinguishes this situation from one wherein an employer, as a leverage-holding party, essentially forces an employee to agree to a disadvantageous forum selection clause. Therefore, the Court's analysis of this factor supports the conclusion that the forum selection clause is valid and enforceable.

## c. Public Policy of Forum State Does Not Weigh Against Enforcement

Plaintiff does not show that enforcement of this clause would violate any known public policy. The Somerset Court of Common Pleas, a court of general jurisdiction, is well-equipped to handle precisely such a dispute. Therefore, the Court's analysis of this factor supports the conclusion that the forum selection clause is valid and enforceable.

## d. Nature of the Agreement Does Not Weigh Against Validity and Enforcement of Clause

Plaintiff essentially argues that he should not be held to the limitation on his ability to select a forum, simply because a sentence appeared on the back of his ski ticket. In essence, this argument is that Plaintiff did not have sufficient notice of the condition, and hence the condition is not valid. However, the unceremonious setting, the form nature of the clause, and the lack of bargaining do not

---

[20]Some courts have shown a willingness to refuse to enforce forum selection clauses when the party opposing enforcement was in a markedly inferior bargaining position. *See, e.g., Nelson v. Master Lease Corp.*, 759 F. Supp. 1397, 1402 (D. Minn. 1991).

15

necessarily render a clause invalid. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 111 S. Ct. 1522, L. Ed. 2d 622 (1991) (holding that forum selection clause on the back of a cruise ticket was enforceable, even though it was not bargained for, because cruise line had a legitimate interest in limiting potential fora in order to reduce cost). Furthermore, a forum selection clause must meet a "practical standard of reasonable communicativeness" to be enforceable. *Tone v. Carnival Cruise Lines*, 1993 U.S. Dist. LEXIS 15758, at *6 (E.D. Pa. Oct. 28, 1993).

Of particular relevance here, the language on the lift ticket was plain, obvious, sufficiently large to be easily legible, and impressively concise; furthermore, the clause does not produce a manifestly unfair or problematic result. Consequently, the Court finds that the condition was reasonably communicated to Mr. Heide, regardless of his actual awareness.

Importantly, this clause is not an entirely one-way ratchet against Mr. Heide. Where a company, such as Seven Springs, successfully manages costs of litigation through contractual limitations of forum choice, such savings and efficiencies will frequently be enjoyed by the company's clients, whether in reduced consumption costs or increased services. More simply, a lift ticket without the at-issue forum selection clause may have cost Mr. Heide more money. While such economic details are typically not the quintessence of strong judicial opinions, such considerations obviously undergirded the Supreme Court's decision in *Carnival Cruise Lines*, which upheld and enforced a back-of-ticket clause, notwithstanding the absence of negotiation, the presence of immense disparities in bargaining power and information, and substantial potential hardships upon the plaintiff. While crediting the incisiveness of numerous critiques of *Carnival Cruise Lines*,[21] this Court cannot escape

---

[21] *See, e.g.*, Patrick J. Borchers, *Forum Selection Agreements in the Federal Courts After* Carnival Cruise*: A Proposal for Congressional Reform*, 65 Wash. L. Rev. 55 (1992).

its precedential effect.

### e. Conclusion Under Federal Law: Clause is Valid and Should be Enforced

In accordance with the above analysis, this Court concludes that under federal law, the forum selection clause is valid and enforceable.

### 4. Applying Pennsylvania Law, Clause Should be Enforced

Pennsylvania law discourages courts from overriding private contractual undertakings. *McIlvaine Trucking, Inc. v. W.C.A.B.*, 810 A.2d 1280 (Pa. 2002). More specifically, Pennsylvania courts will enforce a forum selection clause in the absence of a compelling reason not to do so. *See Cent. Contracting Co. v. C. E. Youngdahl & Co.*, 209 A.2d 810, 816 (Pa. 1965). Under Pennsylvania law, a court should decline to proceed to adjudicate a suit, where the parties previously agreed that litigation should be conducted in another forum. *Id.*; *see also Morgan Trailer Mfg. Co. v. Hydraroll, Ltd.*, 759 A.2d 926 (Pa. Super. Ct. 2000). In making this determination, a court should assess whether the agreement was unreasonable at the time of litigation. *Churchill Corp. v. Third Century, Inc.*, 578 A.2d 532 (Pa. Super. Ct. 1990). Additionally, a court should consider whether the party-selected forum is available and able to provide justice in the case. *Id.*

The question essentially posed under this analysis is whether the clause, as included on the lift ticket, was unreasonable in the sense that it did not provide Mr. Heide sufficient notice of its legal ramifications. First, the Court notes that Mr. Heide necessarily purchased the lift ticket, coming into contact with it during the point of sale, and subsequently during the customary practice of affixing the ticket to his ski jacket. Furthermore, the language of the clause is explicit, simple and easy to understand: "all disputes . . . shall be litigated exclusively in the Court of Common Pleas of Somerset County." The language is prefaced with the capitalized instruction "PLEASE READ." Importantly,

17

this language was not buried in a lengthy contract; instead, the total amount of print on the entire lift-ticket is relatively short. Furthermore, the Court finds that the Somerset County Court of Common Pleas is indeed available to hear this action, and the Court has no reason to believe that it will not adjudicate the parties' dispute in full accordance with the law. Therefore, under Pennsylvania law, the Court finds that the clause is valid and should be enforced.

## 5. Conclusion: Under Both Pennsylvania and Federal Law, Clause is Valid and Enforceable

Because the separate analyses of this issue, under federal common law and Pennsylvania law, both favor enforcement of the clause, this Court finds that the clause is valid. Furthermore, because no compelling policy reason trumps the general notion that this Court will honor private agreements, this Court finds that the clause should be enforced.

## IV. COURT, PURSUANT TO ENABLING PENNSYLVANIA STATUTE, MAY ORDER TRANSFER OF CASE TO SOMERSET COUNTY COURT OF COMMON PLEAS

Having found that the forum selection clause is valid, and should be enforced, the Court notes that transfer directly to the Somerset County Court is an appealing option in that it would conserve litigation resources and protect the parties' interests. Defendant requests that this Court dismiss the action entirely; however, such a dismissal, particularly given the length of time that has passed since the Motion's filing, and numerous subsequent filings, may result in repetitive motion practice and unnecessary costs. Consequently, the Court acknowledges the practical appeal of a direct transfer to the appropriate forum, the Court of Common Pleas of Somerset County, rather than a dismissal; such transfers are common when the destination forum is another federal court. *See Salovaar v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 299 (3d Cir. 2001) ("We acknowledge that, as a general matter, it makes better sense, when venue is proper but the parties have agreed upon a not-unreasonable forum

18

selection clause that points to another federal venue, to transfer rather than dismiss.").

However, it appears that federal law[22] does not establish authority in this Court to directly order such a transfer to a state court. *Salovaar* expressly noted that transfer is available only where the parties' forum selection agreement identifies a federal forum. *See id.* at 298 ("Transfer is not available, however, when a forum selection clause specifies a non-federal forum. In that case, it seems the district court would have no choice but to dismiss the action so it can be filed in the appropriate forum so long as dismissal would be in the interests of justice.") (citing cases). Despite this statement, *Salovaar* may be distinguished from the matter at hand in that it affirmed a decision of the District of New Jersey, and did not deal with any matters pertaining to Pennsylvania state law.

As such, the Court notes, in accordance with a Third Circuit instruction,[23] that a Pennsylvania statute, 42 Pa. Cons. Stat. § 5103[24] enables this Court to essentially transfer the filings in this case to state court. This Court first notes that upon brief review, it appears that Pennsylvania courts apply

---

[22] When exercising removal jurisdiction, this Court may remand a case or claims to state court. *See* 28 U.S.C. § 1441 *et seq.* However, on this matter, this Court's jurisdiction was pursuant to 18 U.S.C. § 1332.

[23] *Weaver v. Marine Bank*, 683 F.2d 744 (3d Cir. 1982).

[24] 42 Pa. Cons. Stat. § 5103 provides as follows:
    (b) FEDERAL CASES.--

        (1) Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth. In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a magisterial district judge of this Commonwealth. Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

        (2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or magisterial district judge may require that they be amended to conform to the practice in this Commonwealth. Section 5535(a)(2)(i) (relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection.

19

a fairly broad interpretation to section 5103, so as not to frustrate the purposes of the statute and require duplicative, protective filings. Second, this Court also notes that this issue, dismissal pursuant to a forum selection clause, appears sufficiently analogous to a situation wherein a federal court rules on a federal claim and consequently dismisses remaining state law claims for lack of jurisdiction. On this point, the Pennsylvania Superior Court explained:

> The dissent claims that this case is not included within the scope of §
> 5103 because we must read this section to allow transfer only when the
> transferring court lacks jurisdiction over the entire matter, which is
> defined in 42 Pa.C.S. § 102 as an action, proceeding, or appeal.
> Because the transferring court had jurisdiction over the matter, at least
> until the Federal claim was resolved, the dissent argues that § 5103
> cannot be used to toll the statute and effect transfer to the state court.
>
> However, the purpose of the Federal-State transfer statute would be
> frustrated by such a construction. To hold otherwise would require the
> filing of State protective actions every time a federal claim with
> pendent state claims is filed in Federal court on the off chance that if
> the federal claim is resolved, the litigant will be barred from pursuing
> the state claim. This is the very problem, the elimination of duplication
> of effort, which this statute was designed to prevent.

*Collins v. Greene County Memorial Hosp.*, 615 A.2d 760, 762 n. 1 (Pa. Super. Ct. 1992). In approving a transfer under section 5103(b)(2) to a Pennsylvania State Court, the Eastern District of Pennsylvania explained: "No federalism problem exists because the transfer is effectuated by the plaintiff's own actions under § 5103(b)(2). *McLaughlin*, 721 F.2d at 430-31. The district court needs only to dismiss the claims, and § 5103(b) preserves the claim for adjudication in the state court." *Electronic Lab Supply Co. v. Cullen*, 782 F. Supp. 1016, 1021 (E.D. Pa. 1991).

Furthermore, the Third Circuit itself approved of this particular use of Pennsylvania procedural law to transfer cases from federal court to state court. *Weaver v. Marine Bank*, 683 F.2d 744, 746-47 (3d Cir. 1982). In *Weaver*, the Third Circuit ordered the district court to transfer remaining state

20

claims to a Pennsylvania court, pursuant to the Pennsylvania enabling statute. *Weaver v. Marine Bank*, 683 F.2d 744, 747 (3d Cir. 1982) ("The question presented then is, whether the district court, once having acquired jurisdiction, can transfer the matter to the state court by virtue of a state enabling statute."). *Weaver* explained that the district court's authority to order the transfer emerged from the specifically worded and unique Pennsylvania statute, along with a federal court's inherent power to "elect to use such a state mechanism, if available." *Id.* Furthermore, *Weaver* emphasized that the statute, and its evident willingness to accept jurisdiction over cases improvidently brought in federal court, represented an "enlightened effort which deserves sympathetic consideration by this court." *Id.* at 748.

Obviously, the case *sub judice* differs in part from the situation faced in *Weaver*. Here, this Court is declining to adjudicate this matter pursuant to a forum selection clause, while *Weaver* transferred remaining pendent state claims following dismissal of all federal claims. Still, the rationale and authority emphasized in *Weaver* is entirely applicable. *Weaver* explained: "The relevant factor from our standpoint is that there is a possibility that the plaintiff's cause of action presently in the state court may be barred by the statute of limitations." *Id.* at 746. Further, *Weaver* stated: "The cooperative federalism that is so much a part of the certification process similarly inheres in the transfer statute enacted by Pennsylvania. It is designed to prevent the parties from being trapped by jurisdictional technicalities that prevent a resolution of disputes on the merit." *Id.* at 748. In short, this Court feels that the rationale expressed in *Weaver* regarding federal court usage of this Pennsylvania statute is fully applicable to the case at hand.

21

## V. CONCLUSION

In conclusion, this Court finds that enforcing the forum selection clause is appropriate under the applicable law. In enforcing this clause, the Court chooses, in deference to the parties' agreement, to voluntarily oust itself of jurisdiction and transfer the case, which will then enable the dispute to commence in the parties' chosen forum. The forum selection clause in this matter unambiguously identifies the Somerset County Court of Common Pleas as the exclusive forum for litigating disputes between Mr. Heide and Seven Springs. Importantly, in measuring the justice in this dismissal, the Court notes that there is no evidence that the Somerset County Court of Common Pleas would not adjudicate this matter as fairly and as conveniently for both parties as this Court; consequently, the selected forum, and the availability of proper adjudication there, distinguishes this situation from one wherein an adhesive contract specifies a difficult and/or expensive arbitration process, or a manifestly unfriendly forum. Consequently, pursuant to the forum selection clause and the enabling nature of section 5013(b), the Court will order transfer of this matter to the Somerset County Court of Common Pleas. An appropriate order follows.

## ORDER

AND NOW, this 13th day of May, 2009, upon consideration of Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(3) and (12)(b)(6), IT IS HEREBY ORDERED as follows:

1. Defendant's motion to dismiss is DENIED in part and GRANTED IN PART, in that the Court agrees with Defendant that Plaintiff's claim should not be further adjudicated in this Court, but rather than ordering dismissal, the Court elects to transfer the case to the parties' selected forum, specifically the Somerset County Court of Common Pleas.

2. The parties shall be responsible for filing the requisite certifications or transcripts in the Somerset County Court of Common Pleas, in accordance with 42 Pa. Cons. Stat. § 5103.

3. Seven Springs' Motion for Summary Judgment (Doc. No. 33) is DENIED as MOOT.

4. The Clerk of the Court is directed to close this case.

**BY THE COURT:**

**HONORABLE KIM R. GIBSON**
**UNITED STATES DISTRICT COURT JUDGE**

23